UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**UNITED STATES OF AMERICA,**

                 **Plaintiff,**

        v.                                                8:19-CV-1173
                                                        (FJS/DJS)

**KURTIS ROBIDOUX and THE PEOPLE OF
THE STATE OF NEW YORK c/o FRANKLIN
COUNTY COURT,**

                 **Defendants.**
_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **PINCUS LAW GROUP, PLLC**<br>425 RXR Plaza<br>Uniondale, New York 11556<br>Attorneys for Plaintiff United States<br>of America | **BARRY WEISS, ESQ.**<br>**SHERRI J. SMITH, ESQ.**<br>**CYNTHIA MALONE, ESQ.** |
| **KURTIS ROBIDOUX**<br>Defendant | NO APPEARANCE |
| **THE PEOPLE OF THE STATE<br>OF NEW YORK c/o FRANKLIN<br>COUNTY COURT**<br>Defendant | NO APPEARANCE |

**SCULLIN, Senior Judge**

## JUDGMENT OF FORECLOSURE AND SALE

       In a Memorandum-Decision and Order dated May 24, 2021, *see* Dkt. No. 12, the Court granted Plaintiff's motion for entry of a default judgment in the amount of $133,854.16 with interest thereon at the rate of 2.8750% per annum from August 24, 2021, through the date of entry of judgment and, thereafter, interest on that amount from the date of entry of judgment to the date of payment at the rate provided for by 28 U.S.C. § 1961(a). *See id.* at 7. In addition, the

Court denied Plaintiff's motion for judgment of foreclosure and sale with leave to renew. *See id.* On September 26, 2022, Plaintiff filed the pending renewed motion for judgment of foreclosure and sale. *See* Dkt. No. 18.

Having reviewed the entire file in this matter, Plaintiff's submissions and the applicable law, the Court hereby

**ORDERS** that Plaintiff's renewed motion for Judgment of Foreclosure and Sale*, see* Dkt. No. 18, is **GRANTED**; and the Court further

**ORDERS** that the mortgaged premises described in the Complaint, as hereinafter set forth being more commonly known as 30 Depot Street, Chateaugay, New York 12920, a parcel of land improved with a single family home, to be sold in and as one parcel, as a sale in one parcel will be most beneficial to the interests of the parties. The name and phone number of the servicer for Plaintiff is: United States Department of Agriculture, 1-800-414-1226; and the Court further

**ORDERS** that the mortgaged property described in the Complaint and as hereinafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of this action as provided for in New York Real Property Actions and Proceedings Law ("RPAPL") be sold, in one parcel at a public auction to be held at **Supreme Court, Franklin County Courthouse, 355 West Main Street, Malone, New York 12953** by and under the direction of **Justin R. Meyer, Esq., 1 Cumberland Avenue, Plattsburgh, New York 12901**, who is hereby appointed Referee for that purpose; that said Referee give public notice of the time and place of said sale in accordance with RPAPL § 231; and the Court further

**ORDERS** that the Referee shall cause to be sent by mail a copy of the Notice of Sale by depositing the same in a prepaid wrapper addressed to the following:

Kurtis Robidoux
30 Depot Street
Chateaugay, New York 12920

The People of the State of New York
c/o Franklin County Court
355 West Main Street
Malone, New York 12953

and the Court further

**ORDERS** that the Referee shall post copies of the Notice of Sale in three (3) conspicuous public places in Franklin County, New York, where the premises are located; and the Court further

**ORDERS** that the Referee cause the Notice of Sale to be published once weekly for four consecutive weeks in the ***Press Republican***, a newspaper of general circulation published in Franklin County, where the mortgaged premises are located.  The Notice of Sale need not contain the full legal description of the property as set forth in "Schedule A," attached hereto, but may refer to the property as 30 Depot Street, Chateaugay, New York 12920; and the Court further

**ORDERS** that Plaintiff or any other party to this action may become a purchaser at such sale; and the Court further

**ORDERS** that the Referee shall execute to the purchaser at such sale a deed of the premises sold and, upon receiving the proceeds of such sale, forthwith pay the following items:

**FIRST**, the Referee's fees and commissions associated with said sale, not to exceed the sum of $500.00;

**SECOND**, the Referee's advertising expenses as shown on bills to be specified in the Referee's Report of Sale; and

**THIRD**, the sum of $133,854.16 with interest continuing thereon at the rate of 2.8750% per annum from August 24, 2021, to the date of entry of this judgment and, thereafter, interest on this amount from the date of entry of judgment to the date of payment at the rate provided for by 28 U.S.C. § 1961(a), or so much thereof as the purchase money of the mortgaged premises will pay of the same; and the Court further

**ORDERS** that, if Plaintiff is the purchaser of the mortgaged premises at the sale, or in the event the rights of the purchaser at the sale and the terms of the sale under this judgment shall be assigned to and acquired by Plaintiff and a valid assignment thereof filed with the Referee, the Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to Plaintiff a deed of the premises sold upon payment to the Referee of the amounts specified above in items marked "FIRST" and "SECOND"; that the balance of the amount bid, after deducting therefrom the amounts paid by Plaintiff, shall be allowed to Plaintiff as specified above in item marked "THIRD"; and, if after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to Plaintiff, Plaintiff shall pay to the Referee, upon delivery to it of said Referee's Deed, the amount of said surplus; and that the Referee then shall make the payments as herein directed; and the Court further

**ORDERS** that the Referee shall take the receipt of Plaintiff or its attorney for the amounts paid as hereinabove directed in item marked "THIRD" and file it with his Report of Sale; and the Court further

**ORDERS** that the Referee shall deposit any surplus moneys with the Clerk of this Court within five (5) days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court; and the Court further

**ORDERS** that the Referee shall make his Report of Sale and file it with the Clerk of this Court with all convenient speed.  That if the proceeds of the sale are insufficient to pay the amounts herein directed to be paid to Plaintiff, with the expenses of the sale, interest, costs, and allowances, as aforesaid, the Referee shall specify the amount of such deficiency in his Report of Sale; and the Court further

**ORDERS** that the purchaser at such sale shall be let into possession of the premises sold upon production of the Referee's Deed to such premises; and the Court further

**ORDERS** that each and every Defendant in this action, and all persons claiming under them, or any or either of them, after the filing of the Notice of Pendency of this action, be and they hereby are forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every part thereof.  The premises affected by this action are situated entirely within the County of Franklin, State of New York, and designated as 30 Depot Street, Chateaugay, New York 12920, further described in Schedule "A," attached hereto, together with all right, title and interest of the owner, if any, in and to the land attached hereto, together with all right, title and interest of the owner, if any, in and to the land lying in the streets and roads in front of and adjoining said premises, to the center line thereof, together with all fixtures and articles of personal property annexed to, installed in, or used in connection with the mortgaged premises, as is more fully set out in said Mortgage.

**IT IS SO ORDERED.**

Dated: December 1, 2022
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

## SCHEDULE A

ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Chateaugay County of Franklin and State of New York, being a part of Great Lot No. 44, Township No. 7 Old Military Tract, bounded and described as follows: BEGINNING at a point in the east line of said Lot No. 44, in Depot Street, which point is the northeast corner of a lot of land now (1966) owned by Sarah A. McGibbon; running thence westerly along the north line of said McGibbon lot at an angle of North 82 Degrees 10 Minutes West, a distance of 466.61 feet to an iron pipe; thence northerly at an angle North 8 Degrees, 59 minutes East, a distance of 79.20 feet to land of Karl Furman and Hattie Furman; thence easterly along the south bounds of said Karl and Hattie Furman lot and continuing easterly along the south bounds of land now (1966) owned by Margaret A. Ryan, at an angle of South 86 Degrees, 36 Minutes East, a distance of 468.64 feet to the east lone of said Great Lot No. 44, being the southeast corner of said Margaret A. Ryan lot; thence southerly in the east line of said Great Lot No. 44, at an angle, South 8 Degrees, 59 Minutes West, a distance of 114.18 feet to the place of beginning, containing all the land within said bounds, be the same more or less, with the buildings thereon, as described in a Map and Survey of said property made November 8, 1965, by Charles D. Dickinson, Licensed Land Surveyor.

EXCEPTING AND RESERVING ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Chateaugay, County of Franklin and State of New York, being part of Great Lot No. 44, Township No. 7, Old Military Tract, bounded and described as follows: BEGINNING at a point in the east line of said Lot No. 44, in Depot Street, which point is the northeast corner of a lot of land now (1966) owned by Sarah A. McGibbon; running thence westerly along the north line of said McGibbon lot at an angle of North 82

degrees 10 minutes west, a distance of 466.61 feet to an iron pipe; thence northerly at an angle North 8 degrees, 59 minutes East a distance of 17 feet to a point; running thence easterly at an angle of South 86 degrees 36 minutes East a distance of 466.61 feet to a point in Depot Street; running thence southerly in the East line of Lot No. 44 at an angle South 8 degrees 59 minutes West a distance of 17 feet to the point or place of beginning, containing all the lands within said bounds be the same more or less.

Tax ID # 61.13-10-19